### 57314, 57315. SOWELL v. DOUGLAS COUNTY ELECTRIC MEMBERSHIP CORPORATION; and vice versa.

SHULMAN, Judge.

Appellant-Sowell instituted legal proceedings against appellee-Douglas County Electric Membership Corporation (hereinafter "EMC"), seeking damages allegedly attributable to appellee's actions in terminating electric service to appellant. This appeal is from the grant of summary judgment in favor of EMC as to two of three counts of appellant's complaint. For the reasons which follow, we affirm.

1. In essence, Count 3 of appellant's complaint alleged that EMC, a public service corporation, had voluntarily, wantonly, and intentionally breached its public duty to accord appellant respectful treatment and to protect appellant from the misconduct of its employees. See, e.g., *Brown v. Colonial Stores, Inc.,* 110 Ga. App. 154, 160 (138 SE2d 62), discussing the public duty owed by a business to invitees to the place of business and intimating that a public service corporation may be held to a higher standard of care. But see *Zayre of Atlanta, Inc. v. Sharpton,* 110 Ga. App. 587, 590 (139 SE2d 339), noting that this public duty extends to any retail establishment dealing with the public, notwithstanding the duty of care owed to its invitees. We conclude that the trial court properly granted summary judgment in favor of appellees as to this count.

A. On appeal, appellant has chosen to denominate Count 3 as a claim seeking recovery for "intentional

infliction of emotional distress." We note, however, that the pleadings as framed in the complaint and as developed by the evidence and legal arguments in the trial court indicate that Count 3 represents a claim for tortious misconduct. Because the pleadings, as developed by the evidence and arguments, did not adequately afford notice that the intentional infliction of emotional distress was being relied on as a basis of appellant's claim, that theory cannot be advanced on appeal as the claim embodied in Count 3. *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (2) (243 SE2d 565).

B.  The trial court granted summary judgment on the ground that appellee's conduct toward appellant did not support an action for tortious misconduct. We agree with the trial court.

Evidence presented in opposition to and in support of the motion for summary judgment established that appellee, upon discovering that the meter at appellant's residence had been tampered with a second time, exercised the right under its contract with appellant to disconnect appellant's electric power without notice; and that when appellant telephoned EMC concerning the disruption of service, EMC's agent accused appellant of having tampered with the meter and informed appellant that meter tampering was a criminal offense. The agent further informed appellant that power would not be restored until he paid the costs resulting from the tampering and that appellant could either make the payment or do without electrical service. Appellant averred that he had not tampered with the meter on the premises and that he had no knowledge of anyone else tampering with the meter.

Based on the evidence presented, we conclude that appellant has failed to raise an issuable claim for tortious misconduct. *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822 (2) (152 SE2d 786). Compare *Fountain v. World Fin. Corp.,* 144 Ga. App. 10 (240 SE2d 558), where a claim for tortious misconduct was raised when the evidence showed that repeated telephone calls which were threatening, profane, abusive and disrespectful were made to the complainant.

2.  Count 2 of appellant's complaint sets forth a claim

seeking recovery from appellee-corporation for slander and demanding reimbursement for certain funds paid to appellee as a precondition to restoration of electrical service. Appellant concedes, as he must, that summary judgment was proper as to the slander claim because publication was lacking. See, e.g., *King v. Masson,* 148 Ga. App. 229 (251 SE2d 107), as to the necessity of publication. As to imputing slander to a corporation, see, e.g., *Ga. Power Co. v. Busbin,* 242 Ga. 612 (4) (250 SE2d 442). Rather, appellant urges that genuine issues of material fact remaining as to whether appellant had tampered with the meter render summary judgment inappropriate as to the reimbursement claim. With this, we cannot agree.

The undisputed facts show that the meter located on appellant's premises had been tampered with on two occasions and that fees were assessed pursuant to a contract clause which, as a precondition to continued electrical service, provided that costs due to tampering be assessed against the consumer living at the residence where the meter was located. As to similar contract provisions, see generally 19 ALR3d 1227. As appellant's culpability for tampering is irrelevant insofar as the contract is concerned, questions relating to whether appellant participated in or had knowledge of the tampering do not involve genuine issues of material fact precluding summary judgment. *Sandison v. Harry Norman Realtors,* 145 Ga. App. 736 (2) (245 SE2d 37). Accordingly, the summary judgment is not subject to reversal for the reason assigned.

3. By way of cross appeal, EMC urges that the trial court erred in denying EMC's motion for summary judgment as to Count 1 of appellant's complaint.

Basically, Count 1 asserted that appellee had wrongfully terminated electrical service to appellant without notice, without justification, and without affording appellant an opportunity for a hearing prior to the termination of electrical service. Count 1 further alleged that the disruption of power forced appellant to vacate the premises and that this forced absence prevented appellant from discovering a fire on the premises. As a consequence of appellee's actions, plaintiff

sought actual damages allegedly flowing from the discontinuance of electrical service, and punitive damages for appellee's failure to afford appellant a hearing prior to the termination of electrical service. As Count 1 is still pending below and interlocutory procedures were not followed, we are without jurisdictional power to review the denial of summary judgment as to this count. *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280 (1) (253 SE2d 825). As to the merits of the issue, see generally 4 ALR3d 594.

*Judgment affirmed in Case No. 57314. Cross appeal dismissed in Case No. 57315. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED MAY 23, 1979 — REHEARING DENIED JULY 3, 1979 —

*Clifton & Helms, Marshall L. Helms, Jr.*, for appellant.

*Neely, Player, Hamilton & Hines, Ronald D. Reemsnyder, Coney, Tinsley & Tinsley, John L. Coney*, for appellee.