58722. DeDAVIESS v. U-HAUL COMPANY OF SOUTHERN GEORGIA et al.

SOGNIER, Judge.

DeDaviess appeals an order of the Superior Court of Chatham County dismissing U-Haul International of Phoenix, Arizona (hereafter U-Haul International) as a defendant for lack of jurisdiction and granting motions for summary judgment to defendants U-Haul Company of Southern Georgia, d/b/a Amerco Marketing Company (hereafter called Amerco), and U-Haul Company of Northern Florida (hereafter U-Haul of Florida).

In October, 1973 appellant entered into a contract with Amerco to act as agent for Amerco in handling U-Haul rental equipment. The contract provided that appellant would remit all rental monies received to U-Haul International Monday of each week; thereafter he would receive a commission for such rentals. In November, 1975 Amerco assigned the DeDaviess contract to U-Haul of Florida. In December, 1975, appellant, without notice, ceased operating as a U-Haul dealer and transferred the U-Haul equipment in his possession to another U-Haul dealer, retaining $326.90 of the rental money he had collected, claiming Amerco refused to reimburse him for the cost of a U-Haul sign, the cost of which Amerco had promised to pay. In October, 1976 Williams, an agent of U-Haul of Florida who was responsible for collection of debts, obtained a criminal warrant against DeDaviess for theft by

conversion of the rental monies he had retained. After a hearing in the Municipal Court of Savannah the criminal complaint was dismissed. Appellant filed this action against Amerco, U-Haul of Florida and U-Haul International seeking damages for false and malicious prosecution. U-Haul International filed a motion to dismiss the complaint for lack of jurisdiction. The other two defendants filed motions for summary judgment on the ground that there was no material issue of fact and they were entitled to summary judgment as a matter of law. The trial court granted the motions of all defendants.

DeDaviess contends the trial court erred in granting summary judgment to defendants Amerco and U-Haul of Florida, as genuine issues of material fact remain to be resolved by a jury. DeDaviess also contends the trial court erred in granting U-Haul International's motion to dismiss for lack of jurisdiction because (a) U-Haul International lacked standing to bring a motion to dismiss without removing its legal impediment to do so; (b) that U-Haul International failed to prove it was not doing business in Georgia; and (c) that any proof it sought to rely on was controverted. We do not agree.

1. Neither Amerco or U-Haul International had any interest in the criminal warrant and Williams did not act as their agent; hence the summary judgments were properly granted as to those parties. Amerco had assigned its interest in the contract prior to issuance of the warrant.

The trial court correctly ruled it had no jurisdiction over U-Haul International. The uncontroverted affidavit of the treasurer of U-Haul International provided that it had never been licensed to do business in Georgia and that it does not now transact business, and had never transacted business, in the State of Georgia. As to appellant's contention that U-Haul International must remove its "legal impediment" before filing a motion to dismiss, Code Ann § 22-1401 (b) provides, in part: "Without excluding other activities . . . a foreign corporation shall not be considered to be transacting business in this State . . . solely by reason of . . . (1) Maintaining or defending any action or suit . . ." Accordingly, there was no legal impediment to U-Haul International's motion to dismiss.

2. With regard to U-Haul of Florida, an examination of the record discloses no material issue of fact. The facts related at the beginning of this opinion are not in dispute so the only issue would be whether U-Haul of Florida, through its agent Williams, maliciously procured the warrant against appellant. DeDaviess

acknowledged that he kept money collected for U-Haul rentals and did not transmit it to U-Haul as required by his contract but was doing so as a set-off.

The mere fact that Larry Williams had no "personal malice" against DeDaviess is not material, as DeDaviess' action is against U-Haul of Florida, not Larry Williams. Thus, the question to be decided is whether U-Haul of Florida acted maliciously, as Williams was their alleged agent, and a principal is responsible for the torts of his agent when the agent is acting on behalf of the principal.

This Court has held that good faith is always a question for the jury. *Hodges v. Youmans,* 129 Ga. App. 481 (3), 483 (200 SE2d 157) (1973). Accord, *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175, 177 (243 SE2d 528) (1978). Finally, we note that the presentment of criminal charges to obtain an advantage in a civil matter (such as collection of a debt) violates Standard 49, Canons of Ethics, Part III, Code Ann. Title 9 appendix. The affidavits of Larry Williams and Eugene Miller, president of U-Haul of Florida, indicate that Williams and a Georgia attorney decided on "a criminal course of action" against DeDaviess to collect the debt owed by him to U-Haul of Florida. This action was approved by Miller. Thus, a Georgia attorney, acting on behalf of U-Haul of Florida, agreed to a cause of action which is prohibited by Standard 49, Code of Ethics, supra. This course of action, in itself, could be construed as an act of malice, and presents a genuine issue of a material fact to be decided by a jury. Accordingly, it was error to grant summary judgment to U-Haul of Florida.

*Judgment affirmed in part; reversed in part. McMurray P. J., and Banke, J., concur.*

Argued October 16, 1979 — Decided March 10, 1980 — Rehearing denied March 26, 1980.

*Robert M. Ray, Jr.,* for appellant.
*Ann Wooten, Lanny B. Bridgers,* for appellees.