**69548. SPENCER et al. v. McCARLEY MOVING & STORAGE COMPANY, INC. et al.**
(330 SE2d 753)

BEASLEY, Judge.

This is an appeal from the grants of summary judgment to defendants in a suit charging racial discrimination in employment practices.

On July 21, 1983, the plaintiffs, eight black males, filed suit for injunctive relief and damages against United Van Lines ("United"), McCarley Moving & Storage Co., Inc., ("McCarley, Inc.") and Price McCarley as its president and principal officer, alleging, inter alia, that white drivers employed with McCarley Moving & Storage Co., Inc. were placed in higher paying driving jobs, that the company paid overtime selectively to whites, and in other ways, gave more favorable work conditions to white drivers, in violation of the Constitutions of the United States and of our State and of 42 USC § 1981, which provides for equal rights under the law. In addition, appellant plaintiffs alleged that the appellee defendants deprived them of overtime pay and wilfully and maliciously converted these funds to their own use. During the course of proceedings in the trial court, appellants abandoned any initial effort to have the action certified as a class suit.

The defendants filed motions for summary judgment. After hearing and the filing of supplemental affidavits and briefs by the parties, the trial court granted summary judgment to each defendant. Plaintiffs appeal. *Held*:

1. Appellants' three enumerations of error collectively contend that the trial court erred in the grants of summary judgment as to all defendants.

The third enumeration alleges that the court erroneously granted summary judgment to McCarley, Inc. The question is whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains. *Dunbar v. Green*, 229 Ga. 829, 830 (194 SE2d 435) (1972), appeal after remand, 232 Ga. 188 (205 SE2d 854) (1974). No material issue of fact remains as to any actionable tortious conduct by the company by virtue of a violation of 42 USC § 1981; the pleadings have been pierced.

The gravamen of appellants' argument is that because of race they were denied employment as "long-haul" or permanent lease commission drivers for the company and instead were hired as "short-haul" drivers, that they endured less favorable work conditions, including lower pay and salaried income rather than pay by commis-

sion. Also, appellants claim they were never considered for the position of warehouse manager.

An individual invoking 42 USC § 1981 who claims he is the victim of a racially discriminatory hiring decision must show (1) that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualifications he was rejected; and (4) that after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U. S. 792, 802 (93 SC 1817, 1824, 36 LE2d 668) (1973); *Scarlett v. Seaboard Coast Line R. Co.*, 676 F2d 1043, 1052 (1982).

The company demonstrated through deposition and affidavits that no issue of material fact remained as to these elements.

In his deposition taken on September 30, 1983, Price McCarley was asked whether or not any blacks had applied to his company for the status of long-haul driver in the last five years. McCarley responded that Early Dunklin was the only black person who had so applied.[1] Of the eight named plaintiffs, only Rutledge, Spencer, Moultrie, Brown, and Hollis filed initial affidavits in opposition to the motions. Nowhere in these affidavits do the parties state that McCarley's company had been seeking applicants for the position of long-haul or commissioned drivers, that they had applied for such openings, that they were qualified for the vacancies, that their applications had been rejected, that the positions sought remained open, and that the company continued to seek applicants from persons with their qualifications.

In his supplementary affidavit of May 23, 1984, McCarley averred, among other things, that plaintiff Brown never applied to take the test to become a long-distance driver and that he lacked the necessary background to be a long-haul driver; that plaintiff Eddie Ford never applied to take the necessary test, had no experience in driving tractor trailers, and had indicated to McCarley on numerous occasions that he did not desire to be away from home for the extended time required of long-distance drivers; that plaintiff Hollis lacked the required experience to drive a tractor trailer and had never applied to take the necessary tests; that plaintiff Spencer likewise lacked required experience and never applied to take the test; that plaintiff Moultrie never applied to become a long-distance driver; that plaintiff Lewis had no driver's license and had never applied to become a driver; that plaintiff Rutledge had no driver's license and had

---

[1] At the time of filing the instant suit, Dunklin was a long-haul driver for the company, and though an attempt to get him to join in the suit was made by plaintiffs, apparently this attempt was later abandoned.

not applied for the position of driver; and that plaintiff Robert Lee Ford also was without a driver's license and had not applied for the subject position of driver. The affidavit continued that "the employment of one to become a long-distance tractor-trailer driver taking long-distance dispatch orders from United under contract is entirely different from a short-haul driver driving a 4-wheel van taking short-haul dispatch orders from McCarley, Inc. It is not a matter of promotion of employees similarly situated within a class; but, instead is a matter of advancement to a different class of employees."

In a later supplemental affidavit, McCarley reiterated the lack of qualifications of Spencer, Moultrie, and Hollis and discussed the requirements for long-distance drivers, stating: "After a person becomes a short-haul driver, in order to become a permanent lease driver, he must attend a van operator's workshop that is required by United, in order to become qualified to be recommended as a permanent lease long distance over the road driver." Only Moultrie, Hollis, and Spencer filed supplemental affidavits, which stated in effect that they had requested the position of long-distance driver, were qualified and had been denied the position. They never stated that they had applied for any actual vacancies or that they had attempted to qualify for the desired position by applying to take the "van operator's workshop" sworn by McCarley to be a mandatory qualification for the position.

Furthermore, none of the plaintiffs pled the elements necessary for a cause of action under 42 USC § 1981 in regard to the position of warehouse manager. See *McDonnell Douglas Corp. v. Green* and *Scarlett v. Seaboard Coast Line R. Co.*, supra.

If a prima facie showing is made that the moving party in summary judgment is entitled to judgment as a matter of law, the opposing party must come forward with rebuttal evidence at that time or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177 (236 SE2d 357) (1977). The plaintiffs did not rebut the showing that as to McCarley Moving & Storage Co., Inc., there was no actionable tort based on a violation of 42 USC § 1981.

Appellants also argue that the company was guilty of tortious conduct by violating the equal protection provisions of the State and Federal Constitutions.

Whereas no state action is required to invoke the protections of 42 USC § 1981 (see, e.g., *Gonzales v. Fairfax-Brewster School*, 363 FSupp. 1200 (1973), aff'd in part and rev'd in part on other grounds 515 F2d 1082 (1975), aff'd 427 U. S. 160 (96 SC 2586, 49 LE2d 415) (1976), such is not the case in an equal protection claim under either the State or Federal Constitutions. In the past, our State Constitution's "equal protection" provisions, though employing different phraseology than the fourteenth amendment of the United States Constitution, have been held to be substantially equivalent to the equal

protection of the laws under the Constitution of the United States. *McDaniel v. Thomas*, 248 Ga. 632 (285 SE2d 156) (1981). The fourteenth amendment applies only when there is state action (*Graves v. Walton County Bd. of Education*, 300 FSupp. 188 (1968), aff'd., 410 F2d 1152, 1153 (1969); *Jewell v. City of Covington*, 425 F2d 459 (1970), cert. denied, 400 U. S. 929 (91 SC 195, 27 LE2d 189) (1970), and protects individuals against state action, not against wrongs done by individuals. *United States v. Sutherland*, 37 FSupp. 344 (1940); *United States v. Guest*, 383 U. S. 745 (86 SC 1170, 16 LE2d 239) (1966). There can be instances when the private citizen's conduct may be attributable to the state where the government affirmatively facilitates, encourages, or authorizes the objectionable practice. The relevant inquiry is whether there is a sufficiently close nexus between the state and the challenged action of the private entity so that the action of the latter may be fairly treated as that of the state itself. *Jeffries v. Ga. Residential Fin. Auth.*, 678 F2d 919 (1982), cert. denied, 459 U. S. 971 (103 SC 302, 74 LE2d 283) (1982).

Here, appellants appear to be arguing that McCarley, Inc.'s governmental ties come by virtue of federal contracts through United. It will be unnecessary for this court to determine whether such federal contracts are sufficient governmental nexus so as to constitute state action and invoke the equal protection provisions of the State and Federal Constitutions, for, assuming *arguendo* the presence of state action in this case, the defendant company successfully hurdled appellants'' pleadings as to equal protection claims.

An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated; the essence of the claim is that certain action is taken against the plaintiff because of his membership in a particular class and that given the circumstances of the case or the nature of the clients, such action is arbitrary and illegal; the clause is not necessarily violated only upon a showing that similar action was taken against the entire class. *Bleakley v. Jekyll Island-State Park Auth.*, 536 FSupp. 236 (1982). A preliminary step in equal protection analysis is to determine whether persons who are similarly situated are subject to disparate treatment. *Johnson v. Smith*, 696 F2d 1334 (1983). Moreover, a successful equal protection claim requires showing of purposeful discrimination. *Smith v. State of Ga.*, 684 F2d 729 (1982).

We have already noted in our analysis of appellants' claims under 42 USC § 1981, that the company successfully overcame appellants' claims of being qualified for the disputed positions. The appellee company demonstrated that appellants were not similarly situated to those occupying the positions of long-haul driver or warehouse manager. Appellants' response did not rebut the assertion that any dispa-

rate treatment was a result of differing qualifications rather than because of race or any other suspect classification. In his first supplementary affidavit, McCarley went into some detail about distinctions in the positions, stating: "The long-haul drivers of McCarley, Inc. are independent contractors, and not employees of McCarley, Inc. Each of them execute a one year (1) written contract, a copy of which is attached hereto as Exhibit 2. They are on the road entirely, and under the contract, cannot be required to work anywhere else, in the warehouse or elsewhere. They are not employed to load or unload. The places of pickup and destination of shipments are given to them by United. Their respective vehicles are leased to United full time. Their work is done without direction of a supervisor. The contracts are terminable at will of either party. They are required to pass an ICC test as to skill and knowledge of operation, must possess tractor-trailer license to operate, and must meet approval of United. The independent contractor pays his own expenses, fuel, labor, and are generally paid by commission. The repairs to the tractor are as provided in the contract. The independent contractors are treated as independent contractors, and not as employees for purposes of withholding tax, social security tax, or otherwise. There is no attempt on the part of McCarley, Inc. to control the time, means and manner of doing the details of the work. The independent contractors, in effect, conduct an independent business, and neither McCarley, Inc. nor United reserves nor exercises any right to control the details of the time, means and manner of doing details of the work. No annual leave or vacation, nor retirement, nor any fringe benefits, insurance or hospitalization is paid to them. Consequently, they are not to be compared with ordinary employees of McCarley, Inc.; and they do not occupy the same or similar position as the short-haul employee drivers included among the Plaintiffs. Employees, on the other hand, are paid on an hourly basis, are required to work in the warehouse, load and unload trucks, and serve as drivers' helpers. One (1) week's vacation leave is allowed after one (1) year of employment; insurance and hospitalization is provided; they work under direction of a supervisor; no special driver's license is required; no approval by United is required except short-haul drivers hauling goods under United's authority. They are treated as employees for purposes [sic] of withholding and social security tax."

Also, McCarley states in the affidavit: "The employees of McCarley, Inc. who are drivers, loaders or unloaders, driver's helpers and packers are not entitled to overtime compensation under the Fair Labor Standards Act, since they are exempt under applicable law from the overtime provisions of the Labor Laws of the United States." Whether or not this is an accurate assessment of the law in this area is immaterial to the propriety of summary judgment as to these ques-

tions, since such statements were unrebutted in appellants' responses. No material issues of fact remained as to appellants' claims of racial discrimination in violation of constitutional equal protection.

During oral argument of the instant appeal and in supplemental brief, appellants raise spectres of claims for violations of Title VII, 42 USC § 2000e-2, and of third party beneficiary status for the purpose of standing to claim violation of Executive Order 11246. Appellants' complaint did not allege any cause of action for violation of Title VII or of Executive Order 11246, nor did appellants amend their complaint to include these. Thus, such positions were not a part of the summary judgment of the trial court and cannot be considered on appeal. See *Whitaker v. Trust Co. of Columbus*, 167 Ga. App. 360, 363 (306 SE2d 329) (1983). See also, *Lowe v. Royal Crown Cola Co.*, 132 Ga. App. 37, 40 (207 SE2d 620) (1974); *Sowell v. Douglas County Elec. Membership Corp.*, 150 Ga. App. 520, 521 (258 SE2d 149) (1979).

Appellants' final contention in regard to McCarley, Inc. is that appellants were deprived of overtime pay and that these funds were wilfully and maliciously converted to the company's own use.

In order to present a cause of action for conversion, an act of dominion over the personal property of another inconsistent with his rights or by an unauthorized appropriation must be shown. *Kornegay v. Thompson*, 157 Ga. App. 558, 559, 560 (278 SE2d 140) (1981). McCarley stated that appellants were not entitled to overtime pay for several specific reasons. This lack of entitlement was not sufficiently addressed by appellants. Since McCarley, Inc. has pierced appellants' contention of right to overtime pay, and thus their very right or interest in the money, the company has effectively pierced any claim of conversion here.

We conclude that the trial court properly granted summary judgment to McCarley Moving & Storage Co., Inc.

2. Appellants' first enumeration of error contends that the trial court erred in granting summary judgment to United. We initially consider appellants' assertion that there was injustice or error in the trial court's grant of summary judgment to United "without the benefit of the Court's ruling on defendant's Motion to Quash Discovery . . . without plaintiff being afforded one iota of his discovery which was initiated so timely." The record does not indicate that the appellants made any motion to compel discovery, nor was there mention or request made to the trial court for leave for further discovery before seeking a ruling on the motions for summary judgment. Indeed, the record indicates that appellants themselves set the hearing date for the motions. This allegation of inequity is without substance.

Appellants base their claims against United under a theory of agency or respondeat superior, i.e., under a theory of imputed rather

than direct liability for the alleged tortious acts by McCarley, Inc. We need make no determination as to the presence of material issues of fact regarding the existence, validity or extent of any agency relationship between United and McCarley, Inc. Even though a principal is responsible for the torts of his agent when the agent is acting on behalf of the principal (*DeDaviess v. U-Haul Co. of Southern Ga.*, 154 Ga. App. 124, 126 (267 SE2d 633) (1980)), we have already concluded that the alleged agent, McCarley, Inc., as a matter of law could not properly be kept in the present action under the theories of liability pled by appellants.

Consequently, the trial court properly granted summary judgment to United Van Lines, Inc.

3. Lastly, we consider the contention that the trial court erred in granting summary judgment to Price McCarley, the president and principal officer of McCarley, Inc.

Appellants attempt to impute liability to McCarley, maintaining that: "At a minimum, defendant Price McCarley is the alter ego of McCarley Moving and Storage, Inc., as relates to the discriminatory acts complained of by plaintiffs." Inasmuch as we have already determined that there remain no material issues of fact in regard to the corporate liability of McCarley, Inc., appellants' attempt to go behind the corporate veil and affix personal liability on McCarley is without merit. Assuming the propriety of any direct cause of action against McCarley under the theories of recovery pled, appellants' argument for questions of liability here would still be of no moment because of the surmounting evidence presented by appellees in support of their motions for summary judgment and the lack of adequate rebuttal on the part of appellants.

The trial court properly granted summary judgment to Price McCarley.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 10, 1985.

*John D. Allen*, for appellants.
*Forrest L. Champion, Jr.*, for appellees.