70103. BARFIELD v. BARFIELD et al.
(333 SE2d 19)

McMURRAY, Presiding Judge.

This action for damages involves a dispute in regard to the distribution of the proceeds from the sale of certain real property. The parties are the three children of Hermon and Lula Barfield.

The real property in question was owned by Hermon Barfield who died in 1968. He was survived by his wife and three children. At that time plaintiff Mychael Barfield was a minor, while defendants Roger Barfield and Clara Barfield Bohannon were adults.

Following her husband's death, Lula Barfield applied for a year's support and was awarded, for herself and for her son Mychael, then a minor, her husband's entire estate including the real property in question. Each received an undivided 50% interest.

Lula Barfield died testate on January 21, 1980, survived by all three children. (Plaintiff had then passed the age of majority.) Lula Barfield's will named her oldest son, Roger Barfield, as executor and it provided that her property be divided equally among her three children.

On April 15, 1980, Roger Barfield, as executor of the last will and testament of Lula Barfield, conveyed to Robert Nelson all of the interest of the estate in the real property in question. The proceeds derived from the conveyance, $62,000, were divided among the three children in equal shares.

On November 29, 1983, plaintiff conveyed all of his right, title and interest in the real property in question to Nelson by quitclaim deed. This transfer was made for a consideration. Contemporaneously, plaintiff executed a covenant not to sue Nelson and certain others, for a consideration of $10,000 and other inducements reserving

any cause of action against Roger Barfield or Clara Bohannon, now defendants in the case sub judice.

On December 2, 1983, plaintiff filed this action against his two siblings alleging that he was entitled to additional monies from the estate of his mother. Plaintiff alleged that he was entitled to one-half of the purchase price, plus one-third of the remaining one-half, rather than the one-third of the purchase price ($20,666.66) which had been distributed to him and prayed for a judgment for the difference ($20,333.33).

Upon consideration of opposing motions for summary judgment the trial court granted defendants' motion and denied plaintiff's motion. Plaintiff appeals. *Held*:

1. Plaintiff contends that a factual issue exists concerning the amount and degree of interest conveyed by defendant Roger Barfield to Nelson inasmuch as a jury could find that defendant Roger Barfield intended to convey all of the real property in question and not merely the undivided one-half share held by the estate of Lula Barfield. However, the subjective intent of Roger Barfield and the existence of any language in the executor's deed which purports to convey a greater interest in the real property than was held by the estate are irrelevant. "Where one person without lawful authority sells and conveys as his own the land of another person and receives the consideration paid therefor, such pretended sale and conveyance will not operate to divest the title of the owner, nor will the purchaser derive any title; and the owner can not maintain an action against the vendor for the whole or any part of the purchase price received by him. *Crews v. Heard*, 7 Ga. 60; 21 R.C.L. 923." *Copelin v. Williams*, 152 Ga. 692 (1) (111 SE 186).

2. Plaintiff's first enumeration of error addresses the issue of whether the covenant not to sue was sufficient to reserve his right to litigate with defendants over the alleged improper estate distribution. This issue is rendered moot by our holding on the merits of plaintiff's claim in Division 1.

3. Plaintiff's final enumeration of error contends that summary judgment in favor of defendants is improper because he has other claims arising out of his one-half undivided ownership in certain personal property set aside to him under the year's support award. However, plaintiff's complaint fails to state any claim in regard to personal property or the proceeds therefrom, nor does the record contain any evidence in regard to this issue which is raised for the first time on appeal. Plaintiff's new theory cannot be advanced for the first time on appeal. This enumeration of error is without merit. *Sowell v. Douglas County Elec. Membership Corp.*, 150 Ga. App. 520, 521 (1A) (258 SE2d 149).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 18, 1985.

*John R. Shaw*, for appellant.
*Roberta E. Murphy, E. Clayton Scofield*, for appellees.