## A10A1140. ARCHER v. COTTON STATES MUTUAL INSURANCE COMPANY.
### (695 SE2d 329)

ANDREWS, Presiding Judge.

John David Archer takes this appeal from the trial court's grant of summary judgment to Cotton States Mutual Insurance Company in the latter's declaratory action concerning its responsibilities under a policy issued to Birdie G. Hill, of whose estate Archer is the executor. We affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

The relevant facts are not in dispute. Hill died on October 18, 2006, and her will named Archer as both her sole heir and the executor of her estate. In late November 2006, Cotton States issued a 12-month homeowner's policy renewal concerning 445 McMillan Street, Dacula, to "Birdie G. Hill." The policy contained a provision as follows:

> **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies: . . . we insure the legal representative of the deceased[,] but only with respect to the premises and property of the deceased covered under the policy at the time of death.

Archer presented Hill's will for probate in February 2007.

On May 10, 2007, by means of an executor's deed, Archer transferred the residence from Hill's estate to himself. Two months later, on July 11, the McMillan Street house was destroyed by a fire set with gasoline. Although Archer had been in the house on the day before the fire, it was vacant when it was destroyed.

Cotton States brought this declaratory action against Archer concerning its responsibilities under the policy. Both parties moved for summary judgment, which the trial court granted to Cotton States.

OCGA § 33-24-4 (b) provides that "[n]o insurance contract on property or of any interest therein or arising therefrom shall be

enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured." By its own terms, the policy insures only "the legal representative of the deceased," and not any other person who might acquire the property. When Archer transferred the property from the estate of Hill to himself as an individual, he took the property outside the interest issued to Hill's estate in the policy of November 2006. See *Barfield v. Barfield*, 175 Ga. App. 167, 168 (1) (333 SE2d 19) (1985) (regardless of the intent of the executor or the language employed, an executor's deed cannot convey more interest in property than the estate actually possesses).

There is nothing in the record to show that the parties negotiated or executed an assignment of the policy to Archer as an individual. "[O]ne other than the person to whom [a policy] was issued cannot, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." (Punctuation omitted.) *Walker v. Gen. Ins. Co.*, 214 Ga. 758, 761 (1) (107 SE2d 836) (1959). It follows that Archer has not proved "any right to proceed in his own name against the insurer." Id.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED APRIL 30, 2010 — 

*Bach, Dewberry & Hipes, John D. Hipes*, for appellant.
*Temple, Strickland, Dinges & Schwartz, Jason B. Schwartz*, for appellee.