## 29123. IRVIN v. JENKINS et al.

NICHOLS, Presiding Justice.

John T. Irvin filed a complaint in Gwinnett County Superior Court in which he sought equitable relief against his immediate supervisor in the Georgia State Department of Human Resources, the director of the Georgia State Merit System and the director of Personnel Services, Georgia Department of Human Resources. The complaint alleged that the plaintiff is an employee of the Georgia State Department of Human Resources; that he had a grievance under the rules and regulations of the Georgia State Merit System as a result of his being passed over for a promotion contrary to the State Merit System rules; and that he had exhausted his administrative remedies and sought relief in equity. The defendants filed a motion to dismiss, one ground of which alleged that the plaintiff had not exhausted his administrative remedies, which motion, treated as a motion for summary judgment, was granted. The present appeal is from such adverse judgment.

The grievance procedure set forth in the rules and regulations of the State Personnel Board requires a four-step procedure to exhaust the administrative processes for employees under the State Merit System. These administrative procedures must be exhausted prior to seeking relief in a court of equity. See *Otwell v. West,* 220 Ga. 95 (137 SE2d 291).

The four-step procedure provides for a complaint, either verbally or in writing, to be presented by the employee to his immediate supervisor. Step 2 provides that the employee shall submit, either individually or through his duly selected representative, a written complaint within five working days after the completion of Step 1 to the director of the major division, program

or unit in which the complaint is claimed to have occurred. If the complaint is not resolved in five working days after its presentation or the employee is dissatisfied with the decision, he has the right to proceed to Step 3. Step 3 provides for an appeal to the department, agency, or institution complaint hearing panel. If dissatisfied with the result there, an appeal is provided to the State Personnel Board as Step 4.

Whether the first two steps were as contended for by the appellant or by the appellees, yet the final step, the hearing before the State Personnel Board, has never been requested by the appellant even if it be assumed that Step 3 was completed.

The trial court did not err in dismissing the complaint upon the ground that the appellant had not exhausted his administrative remedies before seeking relief in a court of equity.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1974 — DECIDED OCTOBER 8, 1974.

*Rich, Bass, Kidd & Broome, Dennis M. Hall,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Assistant Attorney General,* for appellees.