45394. BENNETT v. BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF GEORGIA et al.
(366 SE2d 287)

GREGORY, Justice.

The following facts are taken from a stipulation entered into by the parties in this case and made a part of the judgment of the trial court. The appellant has been employed with the Division of Family and Children Service (DFCS) of the Georgia Department of Human Resources since 1967. In 1978 he was appointed District Director of District 2 of DFCS. In July 1985 the Director of DFCS announced that due to legislative budget cuts there would be a statewide reorganization within DFCS: the thirteen district director positions would be merged into nine regional director positions. Thus, four jobs would be eliminated. The appellant was offered the position of regional director in the Augusta area, but declined because he did not wish to relocate. He expressed his desire to compete for the regional director position in the area in which he had served as district director. The department also offered appellant a different position in the Atlanta area offering "at least the same salary as [the position of] regional director," but with greater financial potential than that of regional director. The appellant declined to accept this position. In September 1985 it was announced that a person other than appellant would be appointed to the regional director position appellant sought. Appellant was given the job as food stamp coordinator of that region. His salary was unchanged, but the parties agree this job offers less responsibility and authority than appellant had enjoyed as district di-

rector.

Appellant then filed an application for involuntary separation retirement benefits with the Employees' Retirement System of the State of Georgia. See OCGA § 47-2-1 (20) and § 47-2-123. In October 1985 the appellee Board of Trustees of the Employees' Retirement System informed appellant that his application had been "cancelled." This notice stated, "since you have not been terminated from employment, our Board of Trustees cannot process your application for retirement by reason of involuntary separation." It is stipulated that appellant is presently employed by DFCS as food stamp coordinator.

In March 1986 appellant filed this petition for mandamus, seeking to compel appellee Board of Trustees to approve his application for involuntary separation benefits. Appellant also sought attorney fees and punitive damages due to the Board's alleged "stubborn and litigious position." In a separate count appellant alleged that appellee Board of Trustees had tortiously interfered with his "vested rights under the Employees' Retirement System," and that appellee Commissioner of the Department of Human Resources and appellee Director of DFCS had tortiously interfered with his employment rights by allowing improper political influence to bear on the choice of a person other than appellant for the regional director position.

The trial court granted appellees' motion to dismiss for failure to state a claim, and appellant filed this appeal.

1. The trial court found that mandamus could not lie because appellant has not been involuntarily separated from employment. Under OCGA § 47-2-1 (2), " '[i]nvoluntary separation from employment without prejudice' means separation or release from service other than by willing choice. . . ." The record clearly shows that appellant was offered the job classification he sought but in an area undesirable to him. Further, he was offered a comparable job with greater salary potential than the position he sought which he also rejected. We have held that the offer of an employment position with the same wages which the employee refuses to accept renders any consequent termination voluntary and therefore ineligible for involuntary separation benefits. See *Bd. of Trustees of the Employees' Retirement System of the State of Ga. v. Englade*, 256 Ga. 458 (349 SE2d 703) (1986). The trial court correctly dismissed that portion of appellant's complaint seeking mandamus relief, punitive damages and attorney fees for failure to state a claim.[1]

2. The trial court properly dismissed that portion of the complaint alleging that the Board of Trustees had tortiously interfered

---

[1] We do not imply that appellant's present job with less responsibility and authority, but equal pay, would amount to involuntary separation in the absence of the rejected offers. We do not reach this issue.

with appellant's "vested" employment rights. As there were no vested rights to involuntary separation benefits, there could be no tortious interference with these benefits by the "cancellation" of appellant's application.

3. With regard to appellant's complaint that the Director of DHR and Director of DFCS allowed improper political influence to aid in their decision to reject appellant's application for the position of regional director, the appropriate remedy is an appeal before the State Personnel Board. See Rules 3.501 (D), 3.503 and 14.212 of the State Personnel Board; OCGA § 45-20-3 (b) (4). Since the appellant has failed to exhaust his administrative remedies, compare *Irvin v. Jenkins*, 233 Ga. 16 (209 SE2d 610) (1974), the trial court did not err in dismissing this portion of his complaint.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 7, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*David E. Ralston,* for appellant.
*Michael J. Bowers, Attorney General, Susan L. Rutherford, Assistant Attorney General,* for appellee.