## 76841. FLOURNOY v. AKRIDGE et al.
(375 SE2d 479)

BENHAM, Judge.

Appellant, a former employee of the Georgia Department of Community Affairs, sued appellees, the director of the Community Development Division of the department and the commissioner of the department, in the Superior Court of DeKalb County. Appellant's complaint alleged that his termination was racially motivated and that it violated his civil rights, based on 42 USCA § 2000e et seq. (Title VII) and 42 USCA §§ 1981 and 1983. Appellees answered the complaint, alleging that the state court did not have subject matter jurisdiction over the federal claims. After discovery, appellees moved for summary judgment on the grounds that federal courts have exclusive jurisdiction of Title VII claims (See 42 USCA § 2000e-5 (f) (3); *Valenzuela v. Kraft, Inc.*, 739 F2d 434 (9th Cir. 1984)); that the suit was not timely filed (it was not filed within 90 days of the issuance of the "Right to Sue" notice); and that appellant failed to exhaust his remedies under OCGA §§ 45-20-8 and 45-20-9 (he did not seek review of his adverse decision from the State Personnel Board by filing an appeal in superior court within 30 days of that decision). The trial court ruled in appellees' favor on the motion for summary judgment, finding that "it lacks jurisdiction over the subject matter of this case for the reasons asserted by defendants in their motion." Appellant brings this appeal, claiming that state and federal courts have concurrent jurisdiction over Title VII claims and that his claims under 42 USCA §§ 1981 and 1983 are not precluded by the federal doctrines of

repose or res judicata.

1. We agree that the trial court did not have subject matter jurisdiction over appellant's Title VII claim. The statute states that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 USCA § 2000e-5 (f) (3). Although the 11th Circuit has not yet addressed the question of how that statutory language is to be interpreted, other circuit courts have held that it grants jurisdiction in Title VII cases exclusively to federal courts. See, e.g., *Bradshaw v. Gen. Motors Corp.*, 805 F2d 110, 112 (3rd Cir. 1986); *Jones v. Intermountain Power Project*, 794 F2d 546, 553 (10th Cir. 1986); *Valenzuela v. Kraft*, supra. State courts that have considered the issue have reached the same conclusion as the circuit courts. See, e.g., *Retired Public Employees Assn. v. Bd. of Admin. &c. Systems*, 229 Cal.Rptr. 69, 74 (184 Cal App.3d 378) (1986); *Fox v. Eaton Corp.*, 48 Ohio St.2d 236 (358 NE2d 536, 537) (1976). The weight of authority being that jurisdiction does not exist in the state courts for Title VII actions, we affirm the trial court's ruling on that issue. See *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480 (1) (367 SE2d 328) (1988).

2. Subject matter jurisdiction is vested in the state courts for actions brought under 42 USCA §§ 1981 and 1983. See *City of Cave Spring v. Mason*, 252 Ga. 3, 4 (310 SE2d 892) (1984); *Spencer v. McCarley &c. Storage*, 174 Ga. App. 525 (330 SE2d 753) (1985). The question before us is whether appellant is precluded from pursuing his federal law claims in state court because he did not seek judicial review of his adverse State Personnel Board decision. The answer to that question is "no." OCGA § 45-20-9 (h) states that "[a]ny party . . . who has exhausted all administrative remedies available before the [State Personnel] board and who is aggrieved by a final decision or order of the board on any hearing *may* seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment of the employee." (Emphasis supplied.) Appellant did exhaust his administrative remedies, i.e., he followed the steps for appeal before the appropriate state boards. Compare *Irvin v. Jenkins*, 233 Ga. 16 (209 SE2d 610) (1974), in which the complainant did not complete the required four steps for administrative disposition of the matter. Seeking judicial review of the administrative findings is an option that the aggrieved party can exercise once he has completed the administrative process, but he is not required to do so. *Bennett v. Board of Trustees &c.*, 258 Ga. 201 (3) (366 SE2d 287) (1988), upon which appellees rely, does not stand for the proposition that a complainant must appeal his adverse State Personnel Board decision to superior court within 30 days and that the failure to do so bars later relitigation of the issues in superior court. It only

says that before one can raise the issues in the judicial forum, the administrative remedies must have been exhausted. Appellant has done so. Compare *Bailey v. Wilkes*, 162 Ga. App. 410 (2) (291 SE2d 418) (1982), in which appellant attempted to bypass the State Personnel Board remedies and go straight to state court.

Appellee contends that the recent United States Supreme Court decision in *University of Tenn. v. Elliott*, 478 U. S. 788 (106 SC 3220, 92 LE2d 635) (1986), supports its position that appellant was required to appeal the state administrative decision to superior court instead of bringing a § 1981 and § 1983 action. We do not read that case in the same way. It held that "when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate' [cit.], federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." 92 LE2d 646-647. The record does not show that appellant had adequate opportunity to litigate in the state agency hearings the issues he raised in his lawsuit, i.e., his termination because of his race, the exercise of his right to free speech, and his apolitical status. Appellees' assertion that "race did come up in the hearing" is not sufficient to show that the parties had an adequate opportunity to litigate the issues. Since appellant did not previously have the opportunity to litigate the issues he attempted to raise in his present action, the trial court erred in granting appellees' motion for summary judgment as to his § 1981 and § 1983 claims.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 25, 1988 —
REHEARING DENIED NOVEMBER 21, 1988 —

Action on employment. DeKalb Superior Court. Before Judge Hunstein.

*Rumsey & Rumsey, Penelope W. Rumsey*, for appellant.
*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General*, for appellee.