A92A1908. COLLINS v. DEPARTMENT OF TRANSPORTATION et al.
(429 SE2d 707)

BEASLEY, Judge.
Collins, an employee of the Georgia Department of Transportation, filed the present complaint against the department, one of her co-employees, and certain supervisory personnel, seeking damages in tort for sexual harassment.

She moved to amend her complaint to add certain claims, including one under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (42 USC § 2000e et seq.). Collins bases this claim on assertions that she was subjected to a series of retaliatory actions by her supervisors and the department after she filed her complaint. The Justice Department issued a right-to-sue letter to her after she exhausted the federal administrative remedies, notifying her that if she chose to file suit, she must do

so within 90 days, which she did by way of her motion to add this now-ripe claim.

As authority in support of her motion, Collins cited *Yellow Freight System v. Donnelly*, 494 U. S. 820 (110 SC 1566, 108 LE2d 834) (1990). The superior court denied Collins' motion, holding that *Donnelly* only held that state courts presumptively have jurisdiction over Title VII claims; whether a state court in fact has Title VII jurisdiction is dependent on state law; the General Assembly has acted in employment discrimination matters by enacting the Georgia Fair Employment Practices Act of 1978, OCGA § 45-19-20 et seq.; Georgia superior courts do not have original jurisdiction under the Georgia Act, but rather have only appellate jurisdiction pursuant to OCGA § 45-19-39; consequently, Georgia superior courts do not have original jurisdiction over Title VII claims.

We granted Collins' application for interlocutory appeal and reverse.

Title VII authorizes charges to be filed with the Equal Employment Opportunity Commission (EEOC) by or on behalf of a person claiming to be aggrieved by an employer who has engaged in an unlawful employment practice. 42 USC § 2000e-5 (b). There is a prerequisite for filing such charges, however. Under subsection (c), they may not even be regarded as filed until at least 60 days have passed following commencement of state or local proceedings if state or local law prohibits the alleged practice. As recognized in *Donnelly*, supra at 825, this allows "state or local agencies an opportunity to remedy the allegedly unlawful practice prior to any federal action." After the federal claim is duly made, the EEOC generally has 180 days to file a civil action if it deems such appropriate after investigation. 42 USC § 2000e-5 (f) (1). As provided therein, if it chooses not to do so, it notifies the aggrieved person that he or she may bring a civil action. Thus, upon an exhaustion of federal administrative remedies, the aggrieved person is notified by a "right-to-sue" letter.

Contrary to the decision in *Flournoy v. Akridge*, 189 Ga. App. 351, 352 (375 SE2d 479) (1988), and like federal and state cases cited therein,[1] the United States Supreme Court in *Donnelly* subsequently held that state courts do have jurisdiction over Title VII claims. It stated:

"Under our 'system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.' [Cits.] To give federal courts exclusive jurisdiction

---

[1] And the dictum in *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 482 (1) (367 SE2d 328) (1988).

over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction. [Cit.]" Id. at 823.

The Court reviewed the text of Title VII, its legislative history, the compatibility of its procedures and state court jurisdiction, statutory references to federal court procedures, and "the presumption that state courts are just as able as federal courts to adjudicate Title VII claims." It concluded that "the presumption of concurrent jurisdiction that lies at the core of our federal system" prevailed, and state courts were not divested by Congress of their concurrent authority to adjudicate federal claims. Id. at 826.

The appellee state agency contends that this merely authorizes state court jurisdiction but does not compel it. It argues that state court jurisdiction is governed by state law which, because of the Georgia Fair Employment Practices Act and its limitation on judicial review of administrative action in OCGA § 45-19-39, precludes superior court jurisdiction of Title VII claims. It is true that state law establishes the jurisdiction of the state courts. As to the superior courts, Art. VI, Sec. IV, Par. I of the Georgia Constitution of 1983 provides: "The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution." OCGA § 15-6-8 (1) is the statutory complement, expressing that superior courts have authority "[t]o exercise original, exclusive, or concurrent jurisdiction, as the case may be, of all causes, both civil and criminal, granted to them by the Constitution and laws." Thus state law enables the fulfillment of the "concurrent jurisdiction" held to exist by the decision in *Donnelly*, supra at 826, through the general jurisdiction of the superior courts.

The existence of the *state* remedy in the Georgia Fair Employment Practices Act does not limit superior court jurisdiction over the *federal* law. In fact, it expressly provides that a determination under it does not exclude "any remedies which may be available under the United States Constitution and federal laws." OCGA § 45-19-41. Nor can the Georgia FEPA preclude state court jurisdiction of the federal remedy, because of the Supremacy Clause. "The power of a State to determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard in them is, of course, subject to the restrictions imposed by the Federal Constitution." *McKnett v. St. Louis &c. R. Co.*, 292 U. S. 230, 233 (54 SC 690, 78 LE 1227) (1934).

As explained in *Howlett v. Rose*, 496 U. S. 356, 367-368 (110 SC 2430, 110 LE2d 332) (1990), "[f]ederal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the State as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce

that law according to their regular modes of procedure. 'The laws of the United States are laws in the several States, and just as much binding on the citizens and courts thereof as the State laws are. . . . The two together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent.' [Cits.]" That case involved an action under 42 USC § 1983 brought in state court. Georgia has acknowledged its jurisdiction over such cases. See, e.g., *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984); *Wyman v. Popham*, 252 Ga. 247, 248 (3) (312 SE2d 795) (1984).[2]

This principle underlies our jurisdiction in Federal Employers' Liability Act (45 USCA § 51 et seq.) actions also. In *Mondou v. New York, New Haven & Hartford R. Co.*, 223 U. S. 1, 56-57 (32 SC 169, 56 LE 327) (1912), it was said that where there is not involved "any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure," then it is the "duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure." See also *McKnett*, supra. A recent example of the adjudication of such a claim in state court is *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685 (398 SE2d 365) (1990).

We thus hold that, based on the federal statute and *Donnelly*, the superior courts in Georgia have subject matter jurisdiction over timely Title VII claims filed pursuant to EEOC notification to the claimant that, the federal prerequisites for suit having been fulfilled, suit may be filed.

The General Assembly's adoption of the Fair Employment Practices Act, providing a state remedy, enforceable in state courts following state administrative proceedings, does not and cannot preclude pursuit of a ripe and independent federal Title VII action in state courts. The superior courts' appellate jurisdiction over state FEPA claims does not affect their original jurisdiction over Title VII claims. In a nutshell, "[a] state may not discriminate against rights arising under federal laws." *McKnett*, supra at 234.

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper, Johnson and Blackburn, JJ., concur. Andrews, J., dis-*

---

[2] Another example of state court subject-matter jurisdiction over federal law actions is 42 USCA § 1981, *Spencer v. McCarley &c. Storage Co.*, 174 Ga. App. 525 (330 SE2d 753) (1985).

*sents.*

ANDREWS, Judge, dissenting.

Because I agree with the superior court's analysis that the procedural requirements of the laws of this state give Georgia superior courts only appellate jurisdiction of claims such as appellant's, I must respectfully dissent.

The Georgia Fair Employment Practices Act of 1978, OCGA § 45-19-20 et seq., states as one of its general purposes "[t]o provide for execution within public employment in the state of the policies embodied in Title VII of the federal Civil Rights Act of 1964 (78 Stat. 241), as amended by the Equal Employment Opportunity Act of 1972 (86 Stat. 103), . . . the federal Age Discrimination in Employment Act of 1967 (81 Stat. 602), . . . and the federal Rehabilitation Act of 1973 (87 Stat. 355). . . ."

An administrative review procedure, including a full hearing before a special master, is provided for any such claim. OCGA §§ 45-19-36; 45-19-37; 45-19-38.

Once such a claim has been resolved by the Special Master, the proceedings provided by OCGA § 45-19-39 are appellate review by the superior court of the actions of the special master. As stated in subsection (b) "[t]he court shall not substitute its judgment for that of the special master as to the weight of the evidence on questions of fact. The court may affirm . . . or remand the case for further proceedings. The court may reverse or modify the final order if substantial rights of the appellant have been prejudiced. . . ." The possible bases for such a reversal are then set out.

That a claimant will have to comply with both state and federal administrative procedures, when the complaint originates in the federal agency in order to assert the federal Title VII claims before a state court does not preclude the assertion of those rights in state court, as asserted by the majority. As stated in *Yellow Freight System v. Donnelly*, 494 U. S. 820 (110 SC 1566, 108 LE2d 834) (1990): "Petitioner argues that it is anomalous to contemplate reference to a state agency, followed by review in the federal agency, as a condition of proceeding with litigation in state court. Petitioner's 'anomaly,' however, is merely a consequence of Title VII's dual-track method of procedure. The first hiatus is designed to give state administrative agencies an opportunity to invoke state rules of law. The action by the EEOC, in contrast, is a predicate for litigation based on the federal statute. When the right to sue under Title VII arises, the fact that both a state agency and the EEOC have failed to resolve the matter does not affect the question of what judicial forum should or may entertain the action. Congress employed a similar scheme in the Age Discrimination in Employment Act of 1967, in which complaints

must be screened through both state and federal agencies, although concurrently, before an action may be brought 'in any court of competent jurisdiction.' " Id. at 825.

The making of such a review in our courts of an appellate nature after providing full opportunity for hearing and factfinding is within the state's appropriate power to determine the limits of the jurisdiction of its own courts and the character of controversies which may be addressed and does not close our courts to federal claims. See *McKnett v. St. Louis &c. R. Co.*, 292 U. S. 230, 233 (54 SC 690, 78 LE 1227) (1934); *Board of Regents v. Cohen*, 197 Ga. App. 463 (398 SE2d 758) (1990).

DECIDED MARCH 19, 1993.

*Stanford, Fagan & Giolito, Debra Schwartz*, for appellant.
*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, William G. Cromwell, Assistant Attorney General*, for appellees.