A02A1613. WILLIAMSON v. DEPARTMENT OF HUMAN
RESOURCES et al.
(572 SE2d 678)

ELLINGTON, Judge.

Following a hearing, the State Court of Richmond County dismissed Wynetha Williamson's disability discrimination complaint against the Georgia Department of Human Resources and the Georgia Regional Hospital. Williamson appeals, contending the trial court erred in finding that her claim under Title I of the federal Americans with Disabilities Act of 1990, 42 USC § 12101 et seq. ("the ADA"), was barred under the doctrine of sovereign immunity. Williamson also argues the trial court erred in finding that her claim under the federal Rehabilitation Act of 1973, 29 USC § 701 et seq. ("the Rehabilitation Act"), was barred by the statute of limitation. For the following reasons, we reverse.

A complaint should be dismissed only if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Raza v. Swiss Supply Direct*, 256 Ga. App. 175, 178 (568 SE2d 102) (2002). We review the sufficiency of the complaint de novo and construe it in the light most favorable to the plaintiff with all doubts resolved in her favor. Id. Viewed in this light, the record shows the following: For over 25 years, Williamson worked as a licensed practical nurse at Georgia Regional Hospital in Augusta. From 1990 to 1999, Williamson had

carpal tunnel syndrome which interfered with her ability to perform her job duties. Beginning in July 1998, Williamson asked for a change in her duties but, at the Hospital's suggestion, took a leave of absence instead. Beginning in October 1998, Williamson was medically cleared to return to work with light-duty restrictions, and she requested that she be allowed to return to work subject to the medically indicated restrictions. On February 12, 1999, the Hospital informed Williamson that lifting more than 30 pounds, which Williamson was not medically cleared to do, was an essential function of her job and that her inability to perform that essential function could not be accommodated. Absent medical clearance to perform the essential functions of her job, the Hospital said, Williamson would be released from her employment. On April 9, 1999, the Hospital approved Williamson's request to return to work with modified duties.

On March 3, 2000, Williamson filed a complaint against the Department and the Hospital (collectively "the Department"), alleging that the Hospital failed to offer a reasonable accommodation in violation of the ADA and forced her to take leave in violation of the federal Family and Medical Leave Act, 29 USC § 2601 et seq. ("the FMLA"). The Department answered and removed the case to federal district court on the basis of federal question jurisdiction. See 28 USC § 1441. The Department moved for summary judgment, arguing the Eleventh Amendment immunized it from suit.[1] The federal district court found that it lacked subject matter jurisdiction over Williamson's ADA claim because Georgia had not consented to be sued for such claims in federal court. *Williamson v. Ga. Dept. of Human Resources*, 150 FSupp.2d 1375, 1379-1382 (III) (A) (S.D. Ga. 2001). The district court further found that it lacked subject matter jurisdiction over Williamson's FMLA claim for the same reason. Id. at 1382 (III) (B). Accordingly, on July 13, 2001, the district court dismissed Williamson's claim for lack of subject matter jurisdiction and remanded to the state court. Id. at 1382.

Following remand, on October 12, 2001, Williamson filed an amended complaint in state court, adding a claim for damages under the Rehabilitation Act. The Department filed a motion to dismiss based on sovereign immunity and, as to the Rehabilitation Act claim,

---

[1] We disapprove the Department's disingenuous litigation tactic of filing a notice of removal, asserting federal question jurisdiction under 28 USC § 1441 (a) and (b), followed by a motion for summary judgment, asserting a lack of subject matter jurisdiction under the Eleventh Amendment. See *Lapides v. Bd. of Regents &c. of Ga.*, 535 U. S. 613 (122 SC 1640, 152 LE2d 806) (2002) (when Georgia removed to federal court a case under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., as to which it had explicitly waived sovereign immunity from state court proceedings, it voluntarily invoked the federal court's jurisdiction and thereby waived Eleventh Amendment immunity from suit in federal court).

the statute of limitation. Williamson opposed the motion, contending the state had waived sovereign immunity as to disability discrimination claims filed by state employees by enacting the Fair Employment Practices Act, OCGA § 45-19-20 et seq. ("the FEPA"). Williamson also argued that her Rehabilitation Act claim was timely filed because it related back to the filing of her ADA claim or, alternatively, because a four-year statute of limitation applied.[2] The trial court granted the Department's motion to dismiss, finding Williamson's ADA claim barred under the doctrine of sovereign immunity and her Rehabilitation Act claim barred by the statute of limitation.

1. Williamson contends that, in finding that her ADA claim was barred under the doctrine of sovereign immunity, the trial court discriminated against her federal rights. The doctrine of sovereign immunity enjoys constitutional status in Georgia and therefore cannot be abrogated by the courts. *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993). Since the decision to waive sovereign immunity is a voluntary act on the part of the state, the state may prescribe the terms and conditions on which it will consent to be sued and the manner in which the suit will be conducted. Id. The constitution provides: "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). The Tort Claims Act is a prime example of such a waiver. See OCGA § 50-21-23 (a) ("The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment. . . .").

While a waiver of sovereign immunity must be specific, and the extent of such waiver must be delineated in the legislative act, we do not interpret Art. I, Sec. II, Par. IX (e) to require the act to use the phrase, "the state waives its sovereign immunity. . . ."[3] Where a legislative act creates a right of action against the state which can result in a money judgment against the state treasury, and the state otherwise would have enjoyed sovereign immunity from the cause of action, the legislative act *must* be considered a waiver of the state's sovereign immunity to the extent of the right of action — or the legislative act would have no meaning. See *Chatman v. Findley*, 274 Ga.

---

[2] We disapprove the Department's repeated misrepresentation of the record, to the effect that Williamson "did not assert the 'relation back' doctrine before the State Court of Richmond County."

[3] Cf. *Rawls v. Bulloch County School Dist.*, 223 Ga. App. 234, 235-236 (477 SE2d 383) (1996) (OCGA § 20-2-1090, which requires county school boards to purchase insurance for the purpose of insuring school children riding to and from school, "says nothing about a waiver of sovereign immunity or the extent of any such waiver" and, therefore, did not waive the school board's sovereign immunity).

54, 55 (548 SE2d 5) (2001) (because the General Assembly is presumed to intend something by passage of an act, the courts must construe the provisions of an act so as not to render the act meaningless).[4]

In this case, the FEPA creates a right of action against the state, as an employer, for discrimination on the basis, inter alia, of an employee's disability. OCGA §§ 45-19-21 (a) (3); 45-19-36 (b). A FEPA action can result in a judgment for back pay and other actual damages, including litigation expenses. OCGA § 45-19-38 (b), (d).[5] Thus, the state by legislative act specifically waived its sovereign immunity to the extent of the action authorized by the FEPA.

Because, in the FEPA, the state by legislative act waived its sovereign immunity as to *state* disability discrimination claims by its employees, the state may not selectively cloak itself in sovereign immunity as to *federal* disability discrimination claims by its employees.[6] To do so would discriminate against federally based rights which the Supremacy Clause of the Constitution of the United States forbids states to do.[7] Accordingly, the trial court erred in granting the Department's motion and dismissing Williamson's ADA claim on the basis that the claim was barred by sovereign immunity.[8]

2. Williamson enumerates as error the trial court's ruling that her claim under the Rehabilitation Act was barred by the statute of limitation, contending that her amendment adding a claim under the Rehabilitation Act related back to the date she filed her original complaint. Williamson filed her complaint, on March 3, 2000, less than

---

[4] See also OCGA § 34-9-1 (3): for purposes of the Workers' Compensation Act, OCGA § 34-9-1 et seq. ("the WCA"), "employer" is defined to include "the State of Georgia and all departments, instrumentalities, and authorities thereof." The WCA does not refer to sovereign immunity.

[5] See *Finney v. Dept. of Corrections*, 263 Ga. 301 (1) (434 SE2d 45) (1993) (claim for racial discrimination).

[6] *Howlett v. Rose*, 496 U. S. 356, 375, 378, 380-381 (IV) (110 SC 2430, 110 LE2d 332) (1990) (state subdivision was not entitled to sovereign immunity as to claim based on 42 USC § 1983 where state had waived sovereign immunity as to state law claims against the same state actors based on the same conduct). Cf. *Alden v. Maine*, 527 U. S. 706, 754-755 (III), 757-758 (IV) (119 SC 2240, 144 LE2d 636) (1999) (state enjoyed sovereign immunity as to claims under the Fair Labor Standards Act of 1938, 29 USC § 201 et seq., because it had not waived sovereign immunity as to comparable actions under state law).

[7] *Howlett v. Rose*, 496 U. S. at 380-381 (IV); *McKnett v. St. Louis &c. R. Co.*, 292 U. S. 230, 234 (54 SC 690, 78 LE 1227) (1934) ("A state may not discriminate against rights arising under federal laws."); *Collins v. Dept. of Transp.*, 208 Ga. App. 53, 56 (429 SE2d 707) (1993) (under Supremacy Clause, Georgia courts may not refuse to exercise original jurisdiction over claims under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 USC § 2000e et seq.).

[8] Cf. *Bd. of Trustees &c. of Alabama v. Garrett*, 531 U. S. 356, 374 (III) (121 SC 955, 148 LE2d 866) (2001) (Congress did not validly abrogate the states' sovereign immunity from suit by private individuals for money damages under Title I of the ADA, 42 USC § 12112 (a); Alabama, which had not waived sovereign immunity as to comparable state claims, enjoyed sovereign immunity as to plaintiffs' claims under Title I of the ADA).

two years after she was injured by the Department's allegedly actionable conduct, which began in July 1998 and continued at least through February 1999.[9] When Williamson filed her amendment adding the Rehabilitation Act claim, a pretrial order had not been entered in the case. See OCGA § 9-11-15 (a) (a party may "amend [her] pleading as a matter of course and without leave of court at any time before the entry of a pretrial order"). Furthermore, contrary to the Department's argument, there had been no ruling disposing of Williamson's ADA claim on the merits.[10]

OCGA § 9-11-15 (c) provides: "Whenever the claim or defense asserted in [an] amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." "Thus an amendment asserting a new claim will relate back so long as the newly asserted claim arises out of the same set of facts alleged in the original complaint." *Staffing Resources v. Nash*, 218 Ga. App. 525, 527 (2) (462 SE2d 401) (1995). Both Williamson's ADA disability discrimination claim and her Rehabilitation Act claim arose from the same set of facts as alleged in the original complaint, that is, the Hospital's alleged failure to allow Williamson to continue her work as an LPN subject to the light-duty restrictions recommended by her doctors. Accordingly, the trial court erred in dismissing Williamson's Rehabilitation Act claim as barred by the statute of limitation.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 4, 2002 —
RECONSIDERATION DENIED OCTOBER 22, 2002

*Elliott B. Watkins*, for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy*

---

[9] See OCGA § 9-3-33 (two-year statute of limitation applies to personal injuries); *Henrickson v. Sammons*, 263 Ga. 331, 335 (434 SE2d 51) (1993) (two-year statute of limitation for personal injury actions, OCGA § 9-3-33, was applicable to employee's Rehabilitation Act claim).

[10] We disapprove the Department's mischaracterization of the federal district court's ruling as a grant of summary judgment for the Department on Williamson's ADA claim. While the Department may have styled its motion as one for "summary judgment," the district court *"dismissed without prejudice"* the removed action for lack of subject matter jurisdiction and remanded to the state court. *Williamson v. Ga. Dept. of Human Resources*, 150 FSupp.2d at 1377, 1381-1382. The district court stated, "[a] state court possibly could hear this case, but that question is left to its discretion." Id. at 1382. The district court's order cannot reasonably be construed as a ruling that as a matter of law Williamson failed to produce evidence sufficient to create a jury issue as to each essential element of her case. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Attorney General, Bryan K. Webb, Senior Assistant Attorney General, Annette M. Cowart, Assistant Attorney General*, for appellees.