**Debra Anne GARY, Plaintiff**

v.

**GEORGIA DEPARTMENT OF HUMAN RESOURCES, West Central Georgia Regional Hospital, Jim Martin, Rick Garcia, Myra Hester, Becky Boyd, Judy Agin, James M. Jackson, Defendants**

No. 4:03–CV–164–2(CDL).

United States District Court, M.D. Georgia, Columbus Division.

June 24, 2004.

---

Debra Anne Gary, Phenix City, AL, pro se.

Kirsten S. Daughdril, Atlanta, GA, for Defendants.

## ORDER

LAND, District Judge.

Plaintiff Debra Anne Gary ("Plaintiff") filed the above captioned action *pro se,* claiming that Defendants unlawfully discriminated against her by terminating her employment based upon her alleged physical disability. In her "shotgun" pleadings, Plaintiff alleges that Defendants are liable to her under Title I of the Americans with Disabilities Act (ADA);[1] Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act");[2] 42 U.S.C. §§ 1983,[3] 1981,[4] 1985(3),[5] 12203(b),[6] and 2000cc–1(b)(1);[7] the equal protection and due process clauses of the Georgia Constitution;[8] and the "Georgia Whistle Blower Statute."[9] Defendants have filed a Motion to Dismiss all of Plaintiff's claims. The Court denies the motion as to Plaintiff's Rehabilitation Act claim against her employer, the Georgia Department of Human Resources (DHR) and West Central Georgia Regional Hospital ("West Central").[10] The Court grants Defendants' Motion to Dismiss as to each of Plaintiff's remaining claims.

## STANDARD

■ A motion to dismiss should be granted when the facts and inferences as established by the pleadings, taken in the light most favorable to the plaintiff, establish as a matter of law that the plaintiff is not entitled to the relief she seeks. Fed. R.Civ.P. 12(b)(6). Therefore, in the present case, the Court examines Plaintiff's original Complaint, her Amended Complaint, and her Response to Defendants' Motion for More Definite Statement to determine whether she has sufficiently stated causes of action upon which relief may be granted under the various statutory provisions alleged in her pleadings.[11]

## BACKGROUND

Plaintiff's pleadings, construed in the light most favorable to Plaintiff, reveal the following. Plaintiff, a resident of Alabama,

---

1. 42 U.S.C. §§ 12111–12117.

2. 29 U.S.C. § 794.

3. Plaintiff's § 1983 claim is based upon alleged violations of the Eighth and Fourteenth Amendments to the U.S. Constitution.

4. Section 1981 provides remedies for racial discrimination in employment.

5. Section 1985(3) prohibits any conspiracy seeking to deprive someone "of the equal protection of the laws[ ] or of equal privileges and immunities under the laws."

6. Section 12203(b) makes it unlawful to interfere with someone's rights under the ADA.

7. Section 2000cc–1 prohibits the government from imposing substantial burdens upon the exercise of religion by a person confined to a government institution. Section 2000cc–1(b)(1) includes within the scope of the statute any case in which a substantial burden is imposed upon a program that receives federal funds.

8. Ga. Const. art. I, § I, ¶ I (equal protection); Ga. Const. art. I, § I, ¶ II (due process).

9. O.C.G.A. § 45–1–4(d).

10. Plaintiff alleges that she was employed by both DHR and West Central. Her allegations are accepted as true at this stage of the proceedings. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1273 n. 1 (11th Cir.1999).

11. Although the Court typically restricts its analysis to a plaintiff's original or amended complaint, the Court finds that, under the circumstances of this case, it should treat this *pro se* Plaintiff's Response to Defendants' Motion for More Definite Statement as a second amended complaint and consider Plaintiff's allegations therein in deciding Defendants' Motion to Dismiss. *See Wright v. El Paso County Jail,* 642 F.2d 134, 135 n. 1 (5th Cir. Apr.8, 1981). Under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ), this Court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

was hired by Defendant West Central on or about March 1, 2001, as a resident nurse and assistant charge nurse. Plaintiff was disabled at the time she was hired. However, she acknowledges that Defendants were unaware of her disability at the time.

During her employment at West Central, Plaintiff received positive job evaluations and was awarded at least two pay raises. On or about October 22, 2002, Defendant Myra Hester ("Hester"), who was Plaintiff's supervisor, informed Plaintiff that Hester had received a medical statement noting that Plaintiff had a permanent disability which required restrictions on her job duties. Defendant Rick Garcia ("Garcia"), a Unit Director of West Central, then sent Plaintiff a letter stating that Plaintiff would be terminated from her nursing position unless she could provide documentation from a doctor lifting her current job performance restrictions. Plaintiff was subsequently fired on October 29, 2002.

On or about December 27, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff received notice of her right to sue on July 31, 2002. She subsequently filed the present suit on November 10, 2003, essentially alleging claims under the ADA. With the Court's permission, she filed her Amended Complaint on April 13, 2004, alleging a myriad of additional causes of action. In an attempt to ascertain more specifically Plaintiff's contentions, Defendants filed a Motion for More Definite Statement. In response to that motion, Plaintiff responded with more specific factual allegations that she asserts support her new claims contained in her Amended Complaint.

## DISCUSSION

Plaintiff's various pleadings essentially allege that Defendants terminated her employment because of her physical disability, and she is entitled to monetary or equitable relief or both based upon this alleged unlawful and discriminatory termination of her employment. Plaintiff's claims under 42 U.S.C. §§ 1983, 1981, 1985(3), 12203(b), and 2000cc–1(b)(1), the Georgia Constitution, and the "Georgia Whistleblower Statute" are dismissed summarily as frivolous. Plaintiff's claims under the ADA and Rehabilitation Act require further discussion.

### Plaintiff's ADA Claims

■ Title I of the ADA prohibits certain employers under certain circumstances from discriminating against qualified employees based upon the employee's disability. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360–61, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, Title I of the ADA does not create a cause of action against individual defendants. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996). Therefore, Plaintiff's Title I ADA claims against Defendants Martin, Garcia, Hester, Boyd, Agin, and Jackson must be dismissed.[12]

Defendants DHR and West Central, as departments of the State of Georgia, seek dismissal of Plaintiff's Title I ADA claims against them based upon their immunity from suit under the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides that "[t]he judicial

---

**12.** Insofar as Plaintiff asserts a retaliation claim against any of the Defendants pursuant to 42 U.S.C § 12203, the Court finds that Defendants took no action against Plaintiff in response to the exercise of her rights under the ADA. She did not exercise her rights un- der the ADA until after she was terminated. Therefore, while she might be able to state a claim for disability discrimination against her employer based upon her termination, she cannot state a claim for retaliation.

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any Foreign State." U.S. Const. amend. XI.[13] Therefore, Defendants DHR and West Central are immune from suit, unless Congress has abrogated the State of Georgia's Eleventh Amendment immunity for purposes of Title I ADA claims or the State of Georgia has consented to suit.

■ Congress may statutorily abrogate state immunity if: (1) the statute clearly indicates an intent to abrogate the immunity; and (2) the act was passed "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 57–58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Congress clearly expressed its intention to abrogate the states' Eleventh Amendment immunity for violations of Title I of the ADA. *See* 42 U.S.C. § 12202. However, the Supreme Court found that Congress exceeded its constitutional authority in doing so. *See Garrett,* 531 U.S. at 374, 121 S.Ct. 955. Therefore, the states' Eleventh Amendment immunity to Title I ADA claims has not been abrogated by Congress. Consequently, DHR and West Central are entitled to Eleventh Amendment immunity as to Plaintiff's Title I

ADA claims, unless they have consented to suit.

■ Plaintiff contends that DHR and West Central have consented to suit because: (1) DHR's personnel policy states that Georgia is subject to the provisions of the ADA;[14] and (2) West Central accepted federal funds. The acceptance of federal funds does not constitute a state's waiver of Eleventh Amendment immunity for alleged violations of Title I of the ADA. *See Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1174–75 (11th Cir.2003) (finding that acceptance of federal funding does not constitute waiver under the ADA because the ADA does not expressly condition a state's acceptance of funding upon the state's agreement to waive Eleventh Amendment immunity.) Furthermore, the Court finds that a statement in the DHR personnel manual providing that Georgia is subject to the ADA is not equivalent to Georgia's consent to be sued in federal court for violations of the ADA. The Court observes that DHR may be sued in state court for alleged violations of the ADA. *See Williamson v. Dep't of Human Res.,* 258 Ga. App. 113, 116, 572 S.E.2d 678, 681 (2002). Therefore, the Court finds that neither DHR nor West Central has consented to being sued in federal court for violations of the ADA. Accordingly, Plaintiff's claims under Title I of the ADA must be dismissed.[15]

---

13. The Eleventh Amendment has been held to apply to suits brought by a state's own citizens as well as suits brought by citizens of other states. *See Tennessee v. Lane,* — U.S. —, —, 124 S.Ct. 1978, 1985, 158 L.Ed.2d 820 (2004).

14. Plaintiff asserts in her Response that DHR's policy was dated September 1, 2001. *Garrett,* in which the Supreme Court held that Title I of the ADA could not abrogate states' Eleventh Amendment immunity, was decided February 21, 2001.

15. The Court further finds that Plaintiff's claims for injunctive and declaratory relief

are not saved from DHR's and West Central's Eleventh Amendment immunity defense by *Ex parte Young.* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (holding that claims for prospective injunctive relief may not be subject to Eleventh Amendment immunity). Plaintiff's claims for injunctive relief are not prospective since Defendants' conduct is not alleged to be ongoing. Therefore, the Court finds that the rationale of *Ex parte Young* does not apply. *Cf. Fla. Ass'n of Rehab. Facilities, Inc. v. State Dep't of Health and Rehabilitative Servs.,* 225 F.3d 1208, 1219–20 (11th Cir.2000).

*Plaintiff's Rehabilitation Act Claims*

■ The Rehabilitation Act is similar to the ADA. It prohibits disability discrimination under certain circumstances. Section 504 of the Act specifically prohibits disability discrimination by those who receive federal financial assistance. However, like the ADA, the Rehabilitation Act does not provide for relief against individual Defendants. *See Pritchard v. S. Co. Servs.*, 102 F.3d 1118, 1119 (11th Cir.1996). Therefore, Plaintiff's Rehabilitation Act claims against Martin, Garcia, Hester, Boyd, Agin, and Jackson are dismissed.

■ Consistent with their defenses to Plaintiff's ADA claims, Defendants DHR and West Central assert Eleventh Amendment immunity to Plaintiff's Rehabilitation Act claims. For the same reasons that Congress failed to constitutionally abrogate the states' Eleventh Amendment immunity as to Title I ADA claims, Congress likewise has not abrogated Eleventh Amendment immunity as to Rehabilitation Act claims. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 261 F.3d 1242, 1244 (11th Cir.2001) (per curiam), *vacated in part on reh'g by* 276 F.3d 1227 (11th Cir.2001) (per curiam). However, the Eleventh Circuit has concluded that states that accept federal funding do waive Eleventh Amendment immunity for Section 504 Rehabilitation Act claims. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1290–93 (11th Cir.2003) (per curiam).[16] Plaintiff has alleged that West Central accepts federal funds. These allegations are sufficient to overcome DHR's and West Central's Eleventh Amendment immunity defense. Moreover, the Court finds that Plaintiff's pleadings otherwise state a claim for relief under the Rehabilitation Act against DHR and West Central.[17]

## CONCLUSION

Defendants' Motion to Dismiss is granted as to all of Plaintiff's claims against the individual Defendants—Martin, Garcia, Hester, Boyd, Agin, and Jackson. Defendants' Motion to Dismiss is denied as to Plaintiff's Rehabilitation Act discrimination claim against DHR and West Central. Defendant's Motion to Dismiss is granted

---

**16.** The law in the Eleventh Circuit is that states do not consent to suit on Title I ADA claims by accepting federal funds, and yet they do consent to suit on Section 504 Rehabilitation Act claims by accepting federal funds. This apparent inconsistency is arguably reconcilable. The Rehabilitation Act expressly conditions acceptance of federal funds upon a state's agreement to waive Eleventh Amendment immunity for Rehabilitation Act claims, *see* 42 U.S.C. § 2000d–7, whereas no such "Spending Clause" waiver provision exists in the ADA. *See* 42 U.S.C. § 12202. In *Garrett v. University of Alabama at Birmingham Board of Trustees*, 344 F.3d 1288, 1291–1293 (11th Cir.2003), the Eleventh Circuit recently reconfirmed its previous ruling in *Sandoval v. Hagan*, 197 F.3d 484 (11th Cir. 1999), *overruled on other grounds by Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), that 42 U.S.C.

§ 2000d–7 clearly and unmistakably conditions the provision of federal funds on a state's waiver of sovereign immunity as to Title I Rehabilitation Act claims. It is noteworthy, however, that not all circuits agree. *See Miller v. Tex. Tech Univ. Health Scis. Ctr.*, 330 F.3d 691, 693–94 (5th Cir.2003) (recognizing as unconstitutional the statute relied upon by the Eleventh Circuit in *Garrett* and *Sandoval*)

**17.** "To establish a prima facie case of discrimination under the [Rehabilitation] Act, an individual must show that (1) he has a disability [or is regarded as having a disability]; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir.1999). Plaintiff's pleadings clearly allege sufficient facts to withstand a Motion to Dismiss.

as to Plaintiff's remaining claims against DHR and West Central.