**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 3, 2012**

# In the Court of Appeals of Georgia

A12A1066. JONES v. VALDOSTA BOARD OF EDUCATION.

ANDREWS, Judge.

On appeal from a grant of summary judgment to the Valdosta Board of Education, Jo Ann Jones argues that questions of material fact remain as to her claim that the Board discriminated against her when she was passed over for promotion. We find no error and affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest

on its pleadings, but rather must point to specific evidence giving rise
to a triable issue.

(Citations omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the record shows that in 1996, the Board hired Jones, a now-64-year-old African-American and Muslim woman, as a media specialist. In September 2006, the Board announced a vacancy for a systemwide position as Director of Information Technology, with responsibilities including the selection of software, programming, and website development. The then Director of Finance and currently the Superintendent of the Valdosta City Schools, a white male approximately Jones's age or older, appointed four other people to serve with him on a hiring committee. As ultimately constituted, the panel consisted of three males and two females. Of these, two were white and three were African-American, three of whom (one white and two African-American), were also as old or older than Jones.

Approximately 15 people applied for the position. After reviewing the applications, the committee sought to interview five candidates, but could not arrange an interview with the fifth candidate at or near the time it set for the remaining four. After holding the four interviews and noting that none of the four interviewees met all of the hiring criteria, the committee selected two finalists: Jones and one other

woman. Both finalists were asked to submit a project demonstrating their skills, but a review of their submissions by the Directors of Finance and Personnel, respectively, led both to the conclusion that neither finalist fully satisfied what they were looking for. The Director of Personnel, who had continued efforts to reach the fifth candidate throughout, then succeeded in reaching him and scheduled an interview. As the committee of the whole had required of Jones and the other finalist, both directors asked the fifth candidate to submit a project, reviewed the fifth candidate's submission as well as his application and supporting documents, and recommended him for the job for which he was later hired. The fifth candidate was a white male twenty years younger than Jones.

The Director of Personnel, an African-American woman among those as old or older than Jones, testified that neither Jones's age, her race, nor her faith had any impact on the committee's decision not to offer her the position.[1] Jones herself believed, however, that she was more qualified than the fifth candidate, even though no one on the committee had ever expressed this opinion to her. As she admitted at her deposition, moreover, Jones had no knowledge or information that her age, race,

---

[1] Jones has abandoned her claim that she was the victim of religious discrimination.

or gender had any impact on the Board's decision to offer the fifth candidate the position. In November 2009, Jones brought this Title VII discrimination claim. The trial court later granted the Board's motion for summary judgment.

Because no state or local government may discriminate against rights arising under federal laws, "Georgia courts may not refuse to exercise original jurisdiction over claims under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972." *Williamson v. Dept. of Human Resources*, 258 Ga. App. 113, 116 (1), n. 7 (572 SE2d 678) (2002), citing *Collins v. Dept. of Transp.*, 208 Ga. App. 53, 56 (429 SE2d 707) (1993).

The burden facing the Board as the movant for summary judgment on a Title VII claim is a familiar one:

> [T]he moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show -- that is, point out to the district court -- that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.

4

*Fitzpatrick v. City of Atlanta*, 2 F3d 1112, 1115 (II) (B) (11th Cir. 1993). Specifically, an employer facing a prima facie case of discrimination may

> rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *The defendant need not persuade the court that it was actually motivated by the proffered reasons.* It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection.

(Citations omitted; emphasis supplied.) *Texas Dept. of Community Affairs v. Burdine*, 450 U. S. 248, 254-255 (II) (101 SC 1089, 67 LE2d 207) (1981). Further, the employer's burden in the rebuttal stage is very light. *Walker v. Nationsbank of Florida*, 53 F3d 1548, 1556 (11th Cir. 1995). "[T]he employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had *not* been motivated by discriminatory animus." (Emphasis in original.) *Combs v. Plantation Patterns, Meadowcraft*, 106 F3d 1519, 1528 (IV) (B) (11th Cir. 1997), quoting *Burdine*, supra, 450 U. S. at 257 (III) (A). And upon satisfaction of the foregoing burden, the employee, who retains the burden of persuasion, must then "prove by a preponderance of the evidence that the legitimate

5

reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination." Id. at 253 (II), citing *McDonnell Douglas Corp. v. Green,* 411 U. S. 792, 804 (93 SC 1817, 36 LE2d 668) (1973). Plaintiff's demonstration of pretext merges with her "ultimate burden of showing that the defendant intentionally discriminated against the plaintiff." *Holifield v. Reno*, 115 F3d 1555, 1565 (B) (1) (11th Cir. 1997), citing *St. Mary's Honor Ctr. v. Hicks*, 509 U. S. 502, 511 (113 SC 2742, 125 LE2d 407) (1993).

As the Board concedes on appeal, Jones has proven a prima facie case of discrimination in that she is a member of a protected class, applied for and was qualified for the position, and was rejected for that position despite her qualifications in favor of a person not a member of the protected class. See *Burdine*, supra, 450 U. S. at 253 (II). The Board also points out, however, that there is neither direct nor circumstantial evidence of any discriminatory intent in this case. On the contrary, the Board provided evidence that the committee members who reviewed the finalists' programming projects agreed that neither candidate was a complete fit for the job and that all the applications for the position should be revisited in an effort to identify a candidate "with greater knowledge" of software programming and website construction.

6

Although Jones concedes that the Board met its burden to rebut her prima facie case of discrimination by the foregoing non-discriminatory reasons for its decision not to offer her the job, she points to no evidence that race, gender, or age bias were its true reasons for the same. Instead, Jones insists only that her qualifications were superior to those of the person who got the job and that she believed actionable discrimination was present because the Director of Finance told her after the fact that she had proved not to be the right fit for the job. Speculation and aspersions, however, do not create any genuine issue of fact; rather, Jones' prima facie case of discrimination as duly rebutted, it was Jones' burden to show evidence of pretext and intentional race, gender, and age discrimination. See *Burdine*, supra, 450 U. S. at 253 (II); see also *Holifield*, supra, 115 F3d at 1565 (B) (1). This Jones failed to do.

Because Jones has failed to present any evidence to refute the Board's own evidence that it did not discriminate against her, the trial court did not err when it granted the Board summary judgment.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*