# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2023

*The Court of Appeals hereby passes the following order:*

**A22I0122. THE AUGUSTA JUDICIAL CIRCUIT OFFICE OF THE PUBLIC
DEFENDER v. NECIA HODGE-PEETS.**

In its sole enumeration of error in this case arising out of a granted application for interlocutory review, the Appellant asserts that we should overrule our opinion in *Williamson v. Dept. of Human Resources*, 258 Ga. App. 113 (572 SE2d 678) (2002), because it was wrongly decided. In *Williamson*, we concluded that the Supremacy Clause of the Constitution of the United States mandated a finding that the General Assembly waived sovereign immunity for a claim under Title I of the federal Americans with Disabilities Act of 1990, 42 USC § 12101 et seq. ("the ADA"), based on its enactment of the Fair Employment Practices Act, OCGA § 45-19-20 et seq., which waived "sovereign immunity as to *state* disability discrimination claims by its employees." (Emphasis in original.) Id. at 116 (1). We reasoned that a "state may not selectively cloak itself in sovereign immunity as to *federal* disability discrimination claims by its employees," because "[t]o do so would discriminate against federally based rights which the Supremacy Clause of the Constitution of the United States forbids states to do." (Emphasis in original.) Id.

The Supreme Court of Georgia has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution . . . of the United States," Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1), as well as "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). As we question whether this Court had the jurisdiction to interpret the Supremacy Clause in *Williamson* to find a waiver of sovereign immunity, we also question whether this

Court presently has jurisdiction to interpret the Supremacy Clause to reach a contrary result, as urged by the Appellant in both this Court and the trial court, as this is not an area of well settled law. Moreover, since *Williamson* was decided, its Supremacy Clause analysis has been described as "questionable." *Echols v. Ga. Piedmont Technical College*, Case 1:20-CV-0274-TWT-AJB, 2021 U.S. Dist. LEXIS 45031 at *19 (III) (C) (N.D. Ga. January 22, 2021).

In light of the above, a transfer to the Supreme Court of Georgia seems to be in order. That Court recently instructed that

> it would be preferable in future cases of this type for the Court of Appeals, having determined after granting an application [for interlocutory review] that is has no jurisdiction over a case, to vacate its grant order, dismiss the resulting appeal, and transfer the application to this Court for decision.

*In the Interest of T. B.*, 313 Ga. 846, 848 (1), n.3 (874 SE2d 101) (2022). Accordingly, we VACATE our order granting the Appellant's application for interlocutory appeal (Case No. A22I0122), DISMISS this appeal (Case No. A22A1272), and TRANSFER Appellant's application for interlocutory appeal to the Supreme Court of Georgia (Case No. A22I0122) for a decision.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  01/30/2023

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
_____ , *Clerk.*