[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13604
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20409-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAX RUSSELL,
a.k.a. Dewey,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dax Russell appeals his 102-month sentence, imposed after he pled guilty to conspiring to possess cocaine and heroin with the intent to distribute, in violation of 21 U.S.C. § 846.  On appeal, Mr. Russell argues that his two prior convictions under Fla. Stat. § 893.13 could not be considered predicate offenses to make him a career offender under the Sentencing Guidelines because the definition of "controlled substance offense" under U.S.S.G. § 4B1.2 requires that the defendant know that the substance in question is a controlled substance.  Mr. Russell contends that all the enumerated offenses in the statutory source of the career offender status, 28 U.S.C. § 994(h), have such a *scienter* element, and because his Florida convictions lack this element, they are not predicates under § 4B1.2.

We review *de novo* the district court's decision to classify Mr. Russell as a career offender.  *See United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010).  After review of the parties' briefs and the record, we affirm.

Under the Sentencing Guidelines, a "controlled substance offense" is defined as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).  In *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), we addressed the argument pressed by Mr. Russell.  We held that offenses under Fla. Stat. § 893.13 are properly considered controlled

2

substance offenses under § 4B1.2(b) because, although the Florida statute does not have a knowledge or *mens rea* requirement as to the nature of the controlled substance, the definition of a controlled substance offense used in the career offender guideline does not mention any such *mens rea* or knowledge requirement. *See id.* at 1267–68.   We refused to read such a requirement into that definition because the Sentencing Guidelines' definition of controlled substance offense was unambiguous.  *See id.* at 1267.

In *United States v. LaBonte*, 520 U.S. 751 (1997), the Supreme Court addressed the meaning of the phrase "maximum term authorized" under an amendment to the definition of a career offender under the Sentencing Guidelines. The Court held that this phrase meant the maximum prison term available for the offense of conviction, including any statutory sentencing enhancements, because the plain language of § 994(h) controlled over any inconsistent interpretation by the Sentencing Commission.  *See id.* at 756–57.  The Court did not, however, consider the scope of previous convictions that could qualify a person for career offender status.

We have previously held that the authority of the Sentencing Commission to decide which offenses count as controlled substance offenses is not limited to the mandate in § 994(h).  *See United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995).  As a result, § 994(h) does not demand that we read into the guideline

definition of controlled substance offense the knowledge element that is contained in analogous federal drug offenses. The Sentencing Commission has the authority to include offenses that are not listed in § 994(h) under its definition of a controlled substance offense, and Mr. Russell has not cited to any authority requiring that the definition must only cover offenses with a knowledge element.

We conclude that *LaBlonte* is not in conflict with and does not abrogate *Smith* under the circumstances presented here. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."); *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."). Under our binding precedent, Mr. Russell's prior convictions under Fla. Stat. § 893.13 were properly considered controlled substance offenses for the purposes of the career offender guideline. *See Smith*, 775 F.3d at 1267-68.

**AFFIRMED.**