[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13691
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00264-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 5, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Robinson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and sentenced to 180 months' imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  He now appeals, raising two constitutional challenges to his ACCA sentence.  Reviewing those challenges de novo, *see United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008) (per curiam), we find no error.  Accordingly, we affirm.

First, Robinson argues that his sentence violates the Fifth and Sixth Amendments because the district court relied on non-elemental facts in determining that his ACCA-qualifying prior offenses were committed on different occasions.  He claims that, under the Supreme Court's reasoning in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013) and *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), a sentencing court cannot make a different-occasions finding based on non-elemental facts, even if those facts are derived from *Shepard*[1] documents.  However, we have held that sentencing courts may use *Shepard* documents to "determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions."  *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013)

---

[1] *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005) (holding that sentencing courts can only consider certain documents when determining the factual nature of a defendant's prior convictions).

(per curiam).  And neither *Descamps* nor *Johnson* abrogated that holding,[2] as those decisions concerned issues distinct from the different-occasions inquiry.  *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point.").  Therefore, this challenge fails.

Second, Robinson asserts that his ACCA sentence violates the Fifth and Sixth Amendments because the fact of his prior convictions was not charged in his indictment and not proven to the jury beyond a reasonable doubt.  But this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998).[3]

**AFFIRMED.**

---

[2] Robinson concedes this point, noting that he presents his *Descamps*/*Johnson* argument for the purpose of appellate preservation and for review by this court en banc or by the Supreme Court.

[3] Robinson acknowledges that *Almendarez-Torres* precludes this claim, but he seeks to preserve the claim for further review.