[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11092
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00226-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY TIJWAN DOCTOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 28, 2020)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Doctor appeals his fifteen-year sentence for possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. section 922(g)(1). He argues that the district court erred in sentencing him under the Armed Career Criminal Act because two of his prior felony drug convictions—which were contained in the same charging document but occurred on different days—were not "committed on occasions different from one another." We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A grand jury indicted Doctor on one count of possessing a firearm after being convicted of a felony. He pleaded guilty without a plea agreement. The probation officer determined in the presentence investigation report that Doctor was an armed career criminal because of three prior state drug convictions. One conviction was for sale or delivery of cocaine on July 6, 2006; the second was for sale or delivery of cocaine on July 12, 2006; and the third was for sale, manufacture, or delivery of cocaine within 1,000 feet of a church in 2012.

Doctor objected that he was not an armed career criminal because his 2006 convictions were not committed on different occasions as required by the Armed Career Criminal Act. This was because they were contained in the same charging document, which was only allowed under Florida law, Doctor argued, if the offenses

2

are "based on the same transaction or are connected acts or transactions." He argued that the district court could not look at the state charging document to determine the dates of the offenses because, under Florida law, the dates alleged in the charging document were not elements. Doctor conceded that this argument had been rejected by United States v. Longoria, 874 F.3d 1278, 1281 (11th Cir. 2017).

At sentencing, the district court admitted into evidence the charging documents for Doctor's prior drug convictions. Doctor objected again that his 2006 convictions were not different occurrences under the Armed Career Criminal Act but acknowledged that his position was contrary to "binding" precedent. The district court overruled his objection.

The district court calculated Doctor's advisory guideline range at 135 to 168 months in prison, which became 180 months because of the minimum mandatory sentence required by the Armed Career Criminal Act. See U.S.S.G. § 5G1.1(b). The district court sentenced Doctor to 180 months in prison followed by five years of supervised release. Doctor now appeals his sentence.

## STANDARD OF REVIEW

We review de novo the district court's conclusion that prior offenses meet the Act's "different-occasions requirement." Longoria, 874 F.3d at 1281.

3

## DISCUSSION

Doctor argues that his 2006 convictions did not occur on different occasions because they were contained in the same charging document, and therefore, they were not two separate prior serious drug offense convictions for purposes of the Armed Career Criminal Act.

A defendant convicted of being a felon in possession of a firearm is subject to a fifteen-year mandatory minimum sentence as an armed career criminal if he has three prior convictions for a serious drug offense "committed on occasions different from one another."   18 U.S.C. § 924(e)(1).   For offenses to have occurred on different occasions, they need not be charged in separate indictments.  United States v. Sneed, 600 F.3d 1326, 1329–30 (11th Cir. 2010).  Rather, the convictions must be from "separate and distinct criminal episode[s] and for crimes that are temporally distinct."  Longoria, 874 F.3d at 1281 (quotation marks omitted).  "[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes" for purposes of the enhancement.  Id. (quotation marks omitted).

Here, the district court was allowed to examine the state charging document to determine whether Doctor's 2006 offenses were separate prior convictions. Longoria, 874 F.3d at 1281 ("To determine the nature of a prior conviction, a court 'is generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy,

4

and any explicit factual finding by the trial judge to which the defendant assented.'" (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). The charging document showed that Doctor's 2006 convictions occurred six days apart from each other. Because Doctor's offenses didn't happen simultaneously but were instead distinct crimes separated by almost a week, the district court correctly concluded that they satisfied the Armed Career Criminal Act's "different occasions" requirement. See id. at 1283 (holding that the defendant's prior convictions were temporarily distinct where they "occurred at clear and obvious points in time separated by nine days").

Doctor's efforts to distinguish Longoria fail. He first argues that under Florida law, two or more offenses can only be charged in the same charging document if they "are based on the same act or transaction or on two or more connected acts or transactions." See Fla. R. Crim. P. 3.150(a). Thus, Doctor argues, joinder of his 2006 crimes in the same charging document established that "the offenses were part of the same criminal episode." But federal law—not state criminal procedure— controls when determining whether separate convictions satisfy the "different occasions" requirement. See United States v. Braun, 801 F.3d 1301, 1303 (11th Cir. 2015) ("We are bound by federal law when we interpret terms in the [Armed Career Criminal Act]"). The controlling law here is Longoria, which allowed the district court to rely on the dates in the state charging document to decide whether Doctor's prior crimes were "successive rather than simultaneous." 874 F.3d at 1281.

Doctor next argues that a court can only look to the elements—and not the facts—of a prior offense in analyzing whether it's a valid prior conviction. See Mathis v. United States, 136 S. Ct. 2243, 2252–56 (2016); Descamps v. United States, 570 U.S. 254, 262–64 (2013). He maintains that the dates of the offenses alleged in the charging document were not elements under Florida law, prohibiting the district court from using it to determine this "non-elemental fact." We rejected this argument in Longoria. See 874 F.3d at 1283 (rejecting claim that the district court "should not have looked at 'non-elemental facts,' the dates of his prior convictions, in Shepard-approved documents when deciding whether his predicate offenses were committed on different occasions"); see also United States v. Weeks, 711 F.3d 1255 (11th Cir. 2013) (holding that a district court may determine the factual nature of prior convictions, "including whether they were committed on different occasions, so long as they limit themselves to Shepard-approved documents").

Finally, Doctor argues that we should not follow Longoria because it conflicts with Descamps and Mathis. But under our prior panel precedent rule, we are bound to follow Longoria until the Supreme Court or the en banc court tells us otherwise. See, e.g., Sneed, 600 F.3d at 1332 ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."). Longoria could

6

not have been overruled or abrogated by <u>Descamps</u> and <u>Mathis</u> because it was decided <u>after</u> these Supreme Court cases. <u>See</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

In any event, <u>Descamps</u> and <u>Mathis</u> decided different issues. They held that a district court may not use <u>Shepard</u> documents in determining whether a prior conviction qualifies as a violent felony where that conviction was for violating an indivisible statute with a single set of nondisjunctive elements. <u>See</u> <u>Descamps</u>, 570 U.S. at 260; <u>Mathis</u>, 136 S. Ct. at 2253–54. Neither case was about whether prior convictions occurred on different occasions for purposes of the Armed Career Criminal Act. Thus, they do not overrule or abrogate <u>Longoria</u>. <u>See, e.g.</u>, <u>Garrett v. Univ. of Ala. Birmingham Bd. of Trs.</u>, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point.").

In sum, <u>Longoria</u> is binding precedent, as Doctor conceded at sentencing, and required the district court to impose a fifteen-year minimum mandatory sentence. We find no error and therefore no basis to disturb his sentence.

**AFFIRMED.**

7